Nathaniel Clark, Esq. (SBN 276621)
LAW OFFICES OF SCOTT WARMUTH
17700 Castleton Street, Suite # 168
City of Industry, California 91748
Telephone: (626) 282-6868
Facsimile:  (626) 642-0808
nclark@law888.com

ATTORNEYS FOR PLAINTIFF
*Krystle Mantolino*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTLE MANTOLINO,<br><br>                    Plaintiff,<br><br>        vs.<br><br>KNEPPER & JOHANSON LAW GROUP, entity form unknown; AMANDA JOHANSON & ASSOCIATES, entity form unknown; JOHANSON LAW GROUP, a Nevada corporation CMS, entity form unknown; AMANDA JOHANSON, an individual; PERLA ORTIZ, an individual; JOHN DAVI, an individual; TERRY BELSER, an individual, an individual, and DOES 1-10.<br><br>                    Defendants. | CASE NO.  8:17-cv-867<br><br>**1. CIVIL RICO (18 U.S.C. § 1962(c))**<br>**2. UNFAIR COMPETITION (Bus. & Prof Code 17200)**<br>**3. BREACH OF CONTRACT**<br>**4. INTENTIONAL MISREPRESENTATION**<br>**5. FRAUD**<br>**6. CONVERSION**<br>**7. LEGAL MALPRACTICE**<br><br>**JURY TRIAL DEMANDED** |

- 1 -
**COMPLAINT**

## **NATURE OF THE CASE**

1.      Plaintiff KRYSTLE MANTOLINO hereby alleges the following upon personal knowledge and information and belief against Defendants KNEPPER & JOHANSON LAW GROUP, AMANDA JOHANSON & ASSOCIATES, CMS, JOHANSON LAW GROUP, AMANDA JOHANSON, PERLA ORTIZ, JOHN DAVI, TERRY BELSER, and other defendants presently unknown (collectively referred to as "Defendants").

2.      Defendants have engaged in a multi-state conspiracy to defraud consumers[1] by obtaining monthly ACH payments as a direct result of fraudulently claiming that Defendants would represent consumers in the handling of student loan processing.

3.      However, Defendants never intended to actually represent consumers in the handling of student processing.

4.      Instead, Defendants intentionally deceived consumers into paying monthly payments while Defendants knew that the consumer loans would go directly into default.

5.      Defendants claimed to act as attorneys of law in the representation of consumers.

6.      In reality, Defendants never intended to engage in any meaningful practice of law in the representation of consumers.

7.      Defendants in fact never engaged in any meaningful practice of law in the representation of consumers.

8.      Defendants only claimed that they would represent consumers as attorneys of law for the direct purpose of tricking consumers into agreeing into monthly payments for the representation of student loan processing.

9.       On or about October 8, 2015, in the County of Orange, Defendants,

---

[1] All references to consumers include Plaintiff Krystle Mantolino.

**COMPLAINT**

through intentional misrepresentations, deceived Plaintiff into signing a purported attorney-client retainer contract by claiming Defendants would handle all aspects of Plaintiff's student loan processing, including settling and resolving her outstanding student loans in exchange for monthly payments.

10.    The purported retainer failed to comply with the ABA and California State Bar Rules of Professional Conduct.

11.    The purported retainer contained an illegal attorney's fee provision of $23,691.60 at paragraph 2.

12.    The purported retainer states that "unearned fees will be returned to Client".

13.    Defendants never earned any fee in this matter.

14.    The Scope of Services for the purported retainer required Defendants to take all efforts to "eliminate (or reduce, as the facts of your case dictate) your student loan debts), primarily through negotiations with your lenders" at paragraph 1.

15.    The Scope of Services further requires that Defendants will conduct an "analysis of Client's rights and remedies" and "may recommend that Client consent to initiate litigation".

16.    The Scope of Services further requires that Defendants shall "defend" client in litigation.

17.    The Scope of Services further requires that Defendants shall engage in "negotiation and drafting of settlement and release agreements to discharge or alter the terms of the debts".

18.    Defendants never intended to (and did not) fulfill the Scope of Services provisions in the purported retainer.

19.    Defendants instructed Plaintiff to stop paying her debts and to go into default.

20.    Defendants represented that if litigation ensued as a result of Plaintiff going into default, that Defendants would successfully represent Plaintiff in defense

of said litigation.

21.    Defendants knew that their actions would result in Plaintiff's student loan accounts being charged off and the severe damaging of Plaintiff's and her co-signer's credit.

22.    Nonetheless, motivated by their desire to trick consumers into paying fraudulent retainer fees, Defendants intentionally misled Plaintiff down a path of financial ruin.

23.    Defendants never attempted to negotiate Plaintiff's loans.

24.    Defendants instead only sent a cease and desist letter to Plaintiff's creditors and did nothing else while Plaintiff's loans defaulted and her credit score plummeted.

25.    Instead of using Plaintiff's payments to help satisfy her loan, Defendants took the money for their own personal gain.

26.    Defendants' conduct is completely outrageous and intolerable in a civil society.  Defendants' conduct was intentionally designed to hurt consumers including Plaintiff who were vulnerable due to recently incurring significant student debt.

27.    Plaintiff paid Defendants over $7,050.12 as a result of the fraudulent scheme but has suffered additional damages in the form of ruined credit, and unknown interest and late penalties.

28.    The payments were secured by Defendants through interstate wire transactions.

29.    Plaintiff has incurred significant default and interest penalties to the loans as a result of Defendants' actions.

30.    Moreover, Plaintiff's credit score has significantly fallen as a result of defaults of charge-offs that are a direct result of Defendants' fraudulent misrepresentations.

///

///

**COMPLAINT**

## JURISDICTION

31.    This Court has subject matter jurisdiction over these proceedings because federal courts retain jurisdiction over claims properly brought pursuant to 18 U.S.C. § 17200.

32.    The remaining causes of action are properly brought pursuant to federal courts' retention of supplemental jurisdiction over claims brought pursuant to the same conduct constituting the underlying violations of 18 U.S.C. § 17200.

## PARTIES

33.    Plaintiff Krystle Mantolino is an individual and at all relevant times was a resident in Orange County, California. Plaintiff was in this jurisdiction when she was manipulated into signing the purported retainer.

34.    Defendant Amanda Johanson is an individual residing in this state and practicing law under a California State Bar license.

35.    All Defendants intentionally deceived Plaintiff into signing the purported agreement while within state boundaries and benefited from interstate wire fraud in the form of receiving consumers' monthly payments.

36.    Defendant Knepper & Johanson Law Group is an entity form unknown conducting business and residing in California.

37.    Defendant Amanda Johanson & Associates is an entity form unknown conducting business and residing in California.

38.    Defendant CMS is an entity form unknown conducting business and residing in California.

39.    Defendant Perla Ortiz is an individual residing in the United States.

40.    Defendant John Davi is an individual residing in the United States.

41.    Defendant Terry Belser is an individual residing in the United States.

42.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants, and each of them, were the co-conspirators, co-collaborators, agents, joint venturers, trustees, servants, partners, alter-egos, parent

corporations, subsidiaries, affiliates, contractors, and/or employees of each of the remaining Defendants, and that the acts and/or omissions herein alleged were done by them, acting individually and as part of a RICO enterprise, through such capacity or through the scope of their authority, and that said conduct was thereafter ratified by the remaining Defendants.

43.    Except as otherwise alleged, Plaintiff is not currently aware of the true names and capacities of the Defendants designated herein as DOES 1 through 10, inclusive. As such, Plaintiff will hereafter seek leave of court to amend this Complaint in order to allege the true names and capacities of each such Defendant when such information is ascertained.

## FIRST CAUSE OF ACTION
## CIVIL RICO 18 U.S.C. § 1962(c)
### *Against All Defendants*

44.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in this Complaint before and after this paragraph.

45.    Plaintiff and each Defendant are "persons" as defined in 18 U.S.C. § 1961(3).

46.    Defendants, including all individual Defendants, including their employees and agents, formed an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4), the "False Hope Enterprise".

47.    The False Hope Enterprise is an ongoing organization consisting of a variety of legal "persons" that associated for common and shared purposes, including: (a) to engage in wire fraud by tricking consumers into providing their bank account information to set up monthly deposits for illegal retainer fees; (b) to deceive consumers into believing they were paying for valid legal services, including full representation for settlement, resolution, and necessary litigation for consumer student loans; (c) to convert said consumers' monthly deposits for Defendants' personal monetary gain; and (d) to lead consumers on as long as possible while

**COMPLAINT**

withdrawing as much money as possible without ever performing any legitimate services, legal or otherwise.

48.   Defendants knew that Defendants would never provide consumers any legitimate services, legal or otherwise, yet convinced consumers to sign up for Defendants' services and make monthly payments for services that would never come.

49.   As a direct and proximate result of Defendants' False Hope Enterprise, Plaintiff has suffered ongoing economic and emotional loss and Plaintiff's credit continues to be damaged as a result of her loans entering in default, charge-off, and collections.

50.   If not for Defendants' False Hope Enterprise, Plaintiff would have continued to make normal payments on her loans directly to her original creditors. Unfortunately, she was deceived by Defendants, who repeatedly promised Plaintiff that all aspects of her student loan processing would be handled by Defendants, including settlement, resolution, and necessary litigation.

51.   Defendants knew Defendants were making false statements to Plaintiff in order to secure her banking information for purposes of committing wire fraud.

52.   Defendants' actions as oppressive, fraudulent and malicious, as these acts were committed in conjunction with a wider campaign to injure Plaintiff and other consumers.  They were taken with a complete disregard to common decency and with complete knowledge that they would injure consumers.  Thus, Plaintiff is entitled to punitive damages to be proven at trial.

53.   The False Hope Enterprise has necessarily used the mail and wires to perpetuate its fraud.  The False Hope Enterprise specifically conspired to obtain consumers bank account information through deception for purposes of setting up automatic monthly deposits.  Moreover, Defendants used email and fax and the telephone as they managed and operated the False Hope Enterprise, including directly contacting Plaintiff and consumers for monthly "status reports" and to convey

misleading and confusing publications and agreements to lengthen the amount of time consumers would send Defendants money wire transfers. This constitutes a pattern of racketeering activity by mail fraud, in violation of 18 U.S.C. § 1341, and wire fraud, in violation of 18 U.S.C. § 1343.

54. The False Hope Enterprise also affects interstate commerce. The False Hope Enterprise could not be carried out without the United States mail or interstate wires, which were used to convey fraudulent misrepresentations and to actually convert consumer funds. Further, Defendants fraudulent retained thousands of dollars of Plaintiff's money, and on information and belief, millions of dollars owed to consumers generally. The False Hope Enterprise leads consumers, like Plaintiff, into a path of loan default, which hurts not only original creditors, but consumers who see drastic drops in credit scores. On information and belief, Defendants operates in multiple states including but not limited to, California, Arizona and Nevada and employ dozens of employees who operate across multiple state lines.

55. Defendants' violations of 18 U.S.C. § 1962(c) directly and proximately caused Plaintiff substantial economic injury because Defendants' pattern of racketeering activity not only deceived Plaintiff into believing her loans were at least being paid on a monthly basis, thereby causing Plaintiff to suffer late fees, interest, and penalties, but further harmed Plaintiff by causing her credit score to plummet.

56. Defendants' misrepresentations of fact made to Plaintiff in writing and by telephone are additional predicate acts of mail and wire fraud performed by an in furtherance of the False Hope Enterprise. All of these fraudulent representations and omissions were relied on by Plaintiff to her injury.

57. As a direct and proximate result of Defendants' unlawful racketeering activity, Plaintiff suffered and continues to suffer damages in an amount to be proven at trial. Under the provisions of 18 U.S.C. § 1964(c), Defendants are jointly and severally liable to Plaintiff for three times the damages that Plaintiff has suffered, plus the costs of bringing this suit, including reasonable attorneys' fees.

## **SECOND CAUSE OF ACTION**

## **CIVIL RICO CONSPIRACY 18 U.S.C. § 1962(d)**

### ***Against All Defendants***

58.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in this Complaint before and after this paragraph.

59.    The Defendants formed an agreement to violate 18 U.S.C. § 1962(c). Each Defendant knew of the False Hope Enterprise's conspiracy to defraud Plaintiff, and other consumers, by fraudulently representing the willingness and ability to engage in legal services for the sole purposes of engaging in wire fraud to convert consumers' funds send via interstate wires.  Defendants all took steps to conceal the fraud.

60.    Each Defendant agreed to join this conspiracy and each agreed to commit, facilitate, or participate in a pattern of racketeering activity in furtherance of the conspiracy.

61.    During the existence of the conspiracy, each of the Defendants agreed to the commission of an indefinite stream of predicate acts in furtherance of the conspiracy.

62.    Defendants agreed to and did commit multiple instances of mail and wire fraud in furtherance of the conspiracy by mailing and wiring fraudulent misrepresentations, agreements, and retainers, to consumers including Plaintiff. Defendants devised the scheme using teleconference, the internet, mail, and email.

63.    The predicate acts of mail and wire fraud that Defendants agreed to and did commit directly and proximately caused Plaintiff to suffer substantial injury to her credit score and damaged her financially.

64.    Under the provisions of 18 U.S.C. § 1964(d), each of the Defendants are jointly and severally liable to Plaintiff for three times the damages that Plaintiff has suffered, plus the costs of bringing this suit, including reasonable attorneys' fees.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRD CAUSE OF ACTION

## UNFAIR COMPETITION BUSINESS & PROFESSIONS CODE § 17200

### *Against All Defendants*

65.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in this Complaint before and after this paragraph.

66.    Defendants' schemes involving fraudulent misrepresentations and omissions constitute unlawful, unfair, or fraudulent business acts and practices, under the California Unfair Competition Law ("UCL"), California Bus. & Prof. Code § 17200 *et seq.*

67.    Each Defendant violated section 17200's prohibitions against engaging in an unlawful act or practice through conduct that violates, among other things, RICO, 18 U.S.C. § 1962, as described herein.  Through their unfair and improper practices, Plaintiff suffered injury by virtue of the Defendants' fraudulent misrepresentations and wire fraud.

68.    Defendants' unfair and unlawful practices were performed in California.

69.    Plaintiff has suffered emotional and economic injury as a direct and proximate result of Defendants' unfair and unlawful practices, as alleged herein.

## FOURTH CAUSE OF ACTION

## INTENTIONAL MISREPRESENTATION

### *Against All Defendants*

70.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in this Complaint before and after this paragraph.

71.    Defendants' conduct, including but not limited to, transmitting the purported retainer agreement, constitutes repeated instances of the tort of intentional misrepresentation.

72.    Defendants' conduct violates California Civil Code Sections 1709, 1710, 1572, and 1573.

73.    Plaintiff has suffered emotional and economic injury as a direct and

**COMPLAINT**

proximate result of Defendants' unfair and unlawful practices, as alleged herein.

## FIFTH CAUSE OF ACTION

## FRAUD

### *Against All Defendants*

74.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in this Complaint before and after this paragraph.

75.    Defendants' conduct, including but not limited to, transmitting the purported retainer agreement, constitutes repeated instances of fraud.

76.    Defendants' conduct violates California Civil Code Sections 1709, 1710, 1572, and 1573.

77.    Plaintiff has suffered emotional and economic injury as a direct and proximate result of Defendants' unfair and unlawful practices, as alleged herein.

## SIXTH CAUSE OF ACTION

## CONVERSION

### *Against All Defendants*

78.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in this Complaint before and after this paragraph.

79.    Defendants' conduct, including but not limited to, holding and refusing to retain consumers' funds, constitutes conversion.

80.    Plaintiff has suffered emotional and economic injury as a direct and proximate result of Defendants' unfair and unlawful practices, as alleged herein.

## SEVENTH CAUSE OF ACTION

## LEGAL MALPRACTICE

### *Against Amanda Johanson Only*

81.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in this Complaint before and after this paragraph .

82.    Defendant Amanda Johanson's conduct, in engaging in aforesaid

**COMPLAINT**

1    actions, and in ratifying them, constitutes legal malpractice.

2         83.    Plaintiff has suffered emotional and economic injury as a direct and

3    proximate result of Defendants' unfair and unlawful practices, as alleged herein.

4

5                                    **<u>PRAYER</u>**

6         Plaintiff prays for the following relief:

7              AS TO ALL CAUSES OF ACTION:

8              (1) General and special damages in a sum to be proven at a trial with pre-

9                  judgment and post-judgment interest thereon at the maximum rate

10                 permitted by law;

11             (2) Mandatory treble damages;

12             (3) Reasonable attorney's fees;

13             (4) Punitive and exemplary damages in an amount appropriate to punish

14                 and set example of defendants;

15             (5) Costs; *and*

16             (6) For recovery of all attorneys' fees pursuant to California Code of

17                 Civil Procedure § 1021.5.

18   Dated: May 17, 2017          **LAW OFFICES OF SCOTT WARMUTH, A.P.C.**

19

20                               <u>*/s/Nathaniel Clark*</u>

21                               Nathaniel Clark, Esq.

22                               ATTORNEYS FOR PLAINTIFF,
                                 ***Krystle Mantolino***

23

24

25

26

27

28

**COMPLAINT**